**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| RHONDA SMITH,<br>Plaintiff,<br>v.<br>EQUIFAX INFORMATION SERVICES, LLC,<br>Defendant. | CIVIL ACTION<br>NO. 3:26-cv-00160-LMM-RGV |

**MAGISTRATE JUDGE'S FINAL
REPORT AND RECOMMENDATION**

On August 5, 2026, plaintiff Rhonda Smith ("Smith"), proceeding *pro se*, sought to file this civil action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., against defendant Equifax Information Services, LLC ("Equifax"), without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a). See [Docs. 1, 1-1, & 1-2].[1] On August 11, 2026, the Court entered an Order, [Doc. 2], denying Smith's request to proceed *in forma pauperis* because she "failed to sign and date the signature page of her application to proceed *in forma pauperis*, but she was required to handwrite her signature in order to satisfy Rule 11(a)," [id. at 2 (alteration, citation, and internal marks omitted)].

[1] The listed document and page numbers in citations to the record in this Final Report and Recommendation refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

As a result, the Court ordered Smith to submit a properly signed application within fourteen days of the date of the Order. [Id. at 3].[2] On August 19, 2026, Smith submitted a properly signed application to proceed *in forma pauperis*. [Doc. 3]. On August 31, 2026, the Court entered an Order, granting Smith leave to file *in forma pauperis* but requiring her to replead her claims to address the deficiencies discussed within that Order within fourteen days of the date of the Order. [Doc. 4]. The Court also cautioned Smith that "failure to comply with any of the instructions within th[e] Order and failure to timely file the amended complaint [would] result in a recommendation that this action be dismissed." [Id. at 8].[3] Smith has not filed an amended complaint as directed in the Court's August 31, 2026, Order, and therefore, she has not complied with the Court's Order. See [Doc. 4]. For the reasons that follow, it is **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Order of August 31, 2026, and for failure to state a claim.

---

[2] The Court also noted that Smith had submitted two complaints, and that while she "signed the second complaint, she failed to include a handwritten signature on the other complaint." [Doc. 2 at 3 n.2 (citing [Docs. 1-1 & 1-2])].

[3] The Clerk mailed a copy of the Court's Order to the mailing address provided by Smith on August 31, 2026, see [Docket entry dated 08/31/2026], and the docket does not reflect that it has been returned as undeliverable.

"Pursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) (per curiam) (unpublished) (citation omitted) (citing Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[4] "The Supreme Court also has held that '[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs[.]'" Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005) (first alteration in original) (internal marks omitted) (quoting Link v. Wabash R.R., 370 U.S. 626, 630 (1962)). Additionally, Local Rule 41.3(A)(2) provides in pertinent part that "[t]he Court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the Court in the case[.]" LR 41.3(A)(2), NDGa.; see also Hall v. Crestmark Club, No. 1:07-cv-0715-WSD-JFK, 2008 WL 187517, at *2 (N.D. Ga. Jan. 18, 2008) (dismissing *pro se* plaintiff's complaint where he failed to obey court orders as well as comply with the Local Rules and was warned that such failure could result in sanctions, including dismissal), adopted at *1.

[4] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

On August 31, 2026, the Court ordered Smith to replead her claims within fourteen days of the Order, [Doc. 4], but she has not done so. In particular, the Court explained that because Smith "properly signed the form complaint at [Doc. 1-2], but did not sign the complaint submitted at [Doc. 1-1]," it would "only consider the properly signed complaint," [Doc. 4 at 2 n.3 (citation omitted)], and that upon consideration, Smith had failed to state a plausible claim under §§ 1681e(b) and 1681i(a) of the FCRA, [id. at 4-7]. Because plaintiff has not complied with the Court's Order to replead her claims, it is **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's August 31, 2026, Order. See Fed. R. Civ. P. 41(b); LR 41.3A(2), NDGa.

Smith's complaint also is due to be dismissed upon frivolity review for failure to state any plausible claim as explained in the Court's August 31, 2026, Order. [Doc. 4]. A complaint is frivolous if "it lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), or "if the 'plaintiff's realistic chances of ultimate success are slight,'" Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam)). Under 28 U.S.C. § 1915(e), the Court must dismiss the case if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A

claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke, 490 U.S. at 327; Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation omitted). "Unsupported conclusory factual allegations [] may be 'clearly baseless.'" Craven v. Florida, No. 6:08-cv-80-Orl-19GJK, 2008 WL 1994976, at *4 (M.D. Fla. May 8, 2008), adopted at *2.

To state a claim on which relief may be granted, Smith's allegations must comply with Rule 8 of the Federal Rules of Civil Procedure, which provides in relevant part: "A pleading . . . must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). A complaint should not consist of vague and conclusory allegations, but must clearly state a cause of action. See Ransom v. Colonial Counseling Assocs., No. 6:08-cv-2056-Orl-31KRS, 2009 WL 88490, at *2 (M.D. Fla. Jan. 12, 2009), adopted at *1. Smith must clearly state what rights under the Constitution, laws, or treaties of the United States have been violated and how they support the allegations set forth in the complaint. See 28 U.S.C. § 1331. However, because Smith is proceeding *pro se*, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer

X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), abrogated on other grounds as recognized in Sconiers v. Lockhart, 946 F.3d 1256, 1259-60 (11th Cir. 2020) (citation and internal marks omitted).[5]

As explained in the Court's August 31, 2026, Order, [Doc. 4], Smith appears "to assert that Equifax violated various provisions of 15 U.S.C. § 1681, including §§ 1681e(b) and 1681i(a)," but she has failed "to state a plausible claim under [§ 1681e(b)] because the complaint makes no allegation that Equifax published inaccurate information pertaining to Smith in the form of a consumer report to a third party and, outside of information provided by Equifax to Smith herself, it fails to identify a third party to whom any such report was made," and her "vague allegations that she suffered damage to her credit reputation, financial hardship, and that she had to file for Chapter 7 bankruptcy are insufficient to do so," [id. at 5 (alterations, citations, and internal marks omitted)]. The Court also explained that Smith failed to state a plausible claim under § 1681i because her complaint does not "include any factual allegations that Equifax's reinvestigation of her

[5] Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008) (citations omitted).

dispute was unreasonable." [Id. at 6-7 (alterations, citations, and internal marks omitted)].

Since Smith has not filed an amended complaint to correct the deficiencies previously pointed out by the Court, her complaint is due to be dismissed for failure to state any plausible claim for the reasons stated herein and in the Court's August 31, 2026, Order. See [Doc. 4]. In short, because Smith failed to amend her complaint as instructed, and she has not adequately pled sufficient allegations to support any plausible claim, it is **RECOMMENDED** that her complaint, [Doc. 5], be **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's August 31, 2026, Order and for failure to state a plausible claim.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO RECOMMENDED** and **DIRECTED,** this 24th day of September, 2026.

Russell G. Vineyard

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE